No. 32.—HENRY G. M. FLEMING, plaintiff in error, *vs.* ALFRED HAMMOND, defendant in error.

[1.] Where a verdict is rendered upon vague and unsatisfactory testimony, when it is apparent that better proof can be procured, a new trial will be granted; especially if the finding be against the weight of evidence.

[2.] If the owner of a boat directs cotton to be left at a particular landing on the river, agreeing to receive it there, a deposit of the cotton at that place constitutes a good delivery.

Case, &c. in Elbert Superior Court. Tried before Judge ANDREWS, March Term, 1855.

This was a suit by Alfred Hammond *vs.* Fleming, for the value of two bales of cotton, alleged to have been lost by Fleming, a boatman, to whom it was delivered, to be carried to Augusta.

---

Fleming *vs.* Hammond.

---

The plaintiff below relied on proof that he delivered twenty-two bales of cotton on the river bank at the boat landing of Fleming, by evidence that the overseer started that number of bales to the river; and that only twenty bales were delivered to his factor in Augusta. He also proved, that by contract, he was to get 10 cents per lb. for all his cotton crop of that year, delivered in Augusta, and that, at the time the twenty bales arrived, cotton was worth $9\frac{1}{8}$ cents. There was conflicting evidence as to the number of bales delivered on the river bank.

In addressing the Jury, plaintiff's Counsel contended, that in law, a delivery of the cotton at the public landing, was a delivery to the defendant. Defendant's Counsel controverted this law, but neither party asked the Court to charge. The Court simply said to the Jury, "This is only a question of fact; retire and make up your verdict." The Jury found for plaintiff $79$\frac{76}{100}$, with interest from 11th November, 1852.

A new trial was moved, on the following grounds: 1st. There was no evidence of the quantity of cotton lost.

2d. There was no evidence of the value of the cotton.

3d. That the Jury allowed, in their verdict, the market price of cotton in Augusta, without deducting the expense of getting it there.

4th. There was no evidence of delivering.

5th. That the Court failed to charge the Jury on the law of the case, and especially on the question on which the Counsel were at issue.

6th. That the verdict was not supported by the evidence, and was illegal in allowing interest.

The Court refused the new trial, on the plaintiff's remitting the interest given; and error is assigned on this refusal.

THOMAS, for plaintiff in error.

VANDUZER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

While we think that the weight of evidence was against the plaintiff, as to the quantity of cotton delivered, and on that account, should be inclined to order a new trial, we shall send this case back, because no verdict can ever be satisfactory, which is rendered upon proof so vague and uncertain.

[1.] This action is brought to recover the value of two bales of cotton, it being alleged and attempted to be proved, that 22 bags were delivered to the defendant, and 20 only received at that ware-house in Augusta, to which it was shipped. Now the testimony shows, that 20 bags reached Augusta the 9th of November, and one other bale the 4th of December, 1852. Was or was not this one of the two missing bags? Counsel for plaintiff, *arguendo*, says that it was not, but the last picking or refuse cotton, made on the plantation by Major Hammond. This explanation might do very well but for the evidence of Mr. Clark. He swears, that as the mutual friend of the parties, he divided the crop of 1852 between the plaintiff and Denard, his overseer, and that he weighed and marked 22 bales for the plaintiff, and two for Denard. It would seem, therefore, that 24 bales was the entire crop of that year. The question as to this odd bale, can be demonstrated and made clear; and it should be done, as it constitutes one half of the amount in controversy. Better, far, to rest men's rights upon facts, than conjecture and ingenious argumentation.

One other point in this case is susceptible of more light than has been thrown upon it. Alfred Asbell testifies, that he was present when the cotton was taken on the boat, at Calhoun's landing, and that there was only 20 bales; that his attention being called to the matter, he took particular notice; that he went down as a passenger, and that the boat was not broke that trip, but that the cotton was carried safely and stored at Stovall's warehouse.

No witness swears that 22 bales were delivered at the river.

James C. Nelms testifies, that Fleming, in a conversation which he had with him in February, 1853, admitted, that the plaintiff's cotton was on his boat when the disaster occurred, but that he secured all the cotton.

Was or was not the boat broken during this trip? Could not additional evidence be obtained upon this point? The probability as to the loss of a part of the freight, as well as the credibility of Asbell, will depend very much upon the ascertainment of this fact.

There is some doubt as to the measure of damages. The weight of the 20 bales of cotton which were received at the warehouse, was 7976 pounds, which were sold two days after their arrival, to wit: on the 11th of November, 1852, at $9\frac{1}{8}$ cents per pound. But the plaintiff contends, upon the testimony of Mr. Hickman, that averaging the two bales lost, by the 20 received, he is entitled to estimate the cotton at 10 cents, as the witness states that he did agree to purchase the plaintiff's crop that year at that price.

While we see no objection to the mode of ascertaining the weight of the two missing bags, as being the best, if not the only means of arriving at a knowledge of that fact, we are not equally well satisfied as to the price. At whose instance and for whose benefit was the lot of cotton sold at $9\frac{1}{8}$? It is replied, Cress and Hickman. This may be so, and probably is true. Still, the matter should be, because it can be, settled definitely, and not be left to surmise. Mr. Hickman did agree to give Major Hammond 10 cents for his crop of 1852, delivered in Augusta. But did he do it?

Counsel for the defendant insists that the verdict was erroneous, because the Jury failed to allow his client a deduction from the price of the two bags of cotton, for his freight on the whole load. Was there any proof what this was? And that it had not been paid, at least on the 20 bales, at the warehouse in Augusta?

[2.] Counsel differ in this Court, as they did in the Court below, as to what constitutes a good delivery. If the testimony of Denard be believed, we have no hesitation in saying,

that a sufficient delivery is proven, to charge the common carrier.   Fleming was in the habit of receiving cotton at the different landings on the Savannah River.   And this witness swears that the cotton was deposited on the bank of the river where the defendant told him to place it.   If this be so, we repeat, it was true, as contended for by plaintiff's Counsel, that the delivery was as complete as if the produce had been placed under the defendant's lock and key.

It is complained, that the Court omitted to charge the Jury, notwithstanding the disagreement between Counsel, as to the law of the case; and that they were instructed, on the contrary, that it was only a question of fact submitted for their finding.

Perhaps this disposition of the case was a little hasty, not to say slovenly.   We do not decide that it is the duty of the Court to instruct the Jury as to the law, in every case, even though Counsel differ as to what the law is, whether the Court is requested to do so or not.   But it might have been as well to have told them what did or did not amount to a delivery.

Upon the whole, we think it best to remand this cause for a re-hearing.